IN THE CIRCUIT COURT OF THE 13th JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DAVID BAUER,

Plaintiff,

vs.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

Defendant.

_____/

Case No. ___**12 000563**___

Division: ___**DIVISION I**___

**RECEIVED**

**JAN 1 2 2012**

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND FOR DECEPTIVE AND UNFAIR TRADE PRACTICES**

COMES NOW Plaintiff DAVID BAUER (hereinafter, "Mr. Bauer"), by and through his undersigned counsel, and sues Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC (hereinafter, "RPM"), and alleges as follows:

### *Jurisdiction, Venue, and Allegations Common To All Counts*

1.     This is an action by Mr. Bauer for damages in excess of $15,000 against RPM.

2.     Mr. Bauer is a natural person residing in Hillsborough County, Florida.

3.     RPM is a Washington limited liability company registered in Florida as a foreign corporation.

4.     RPM's Florida Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5.     RPM is a "debt collector" which conducts business in Hillsborough County, Florida.

6.     This is an action brought by Mr. Bauer, an individual consumer, against RPM for

1

violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* (hereinafter, "FDCPA"), the Florida Consumer Collection Practices Act, Florida Statute §559.55, *et. seq.* (hereinafter, "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA"), and the Florida Deceptive and Unfair Trade Practices Act, Florida Statute §501 *et. seq.* (hereinafter, "FDUTPA").

7.      RPM is subject to the provisions of the FDCPA, the FCCPA, the TCPA, and the FDUTPA, and is subject to the jurisdiction of this Court pursuant to Florida Statute §48.193 (2011).

8.      Jurisdiction is proper in Hillsborough County, Florida.

9.      The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices while engaging in collecting or attempt to collect consumer debts.

10.     The FCCPA prohibits all persons from engaging in abusive, deceptive and unfair practices while engaging in collecting or attempt to collect consumer debts.

11.     The FCCPA also allows a consumer to collect multiple awards of statutory damages if the events are temporally displaced. See *Beeders v. Gulf Coast Collection Bureau*, 632 F.Supp.2d 1125 (2009).

12.     The TCPA prohibits all persons from making unauthorized telephone calls to any person's cellular telephone through automated dialing equipment.

13.     The FDUTPA renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. *Section 501.204, Fla. Stat.*

14.     The alleged debt sought to be collected by RPM from Mr. Bauer was a consumer debt.

15.     In or about June 2001, Mr. Bauer obtained cellular phone service from Voicestream, which assigned the phone number (321) 945-4523 to him.

16.     Voicestream was later acquired by and has become known as T-Mobile.

17.     In or about April 2008, Mr. Bauer ceased doing business with T-Mobile and had no further business dealings with T-Mobile after April 2008.

18.     Mr. Bauer obtained his current cellular phone number in or about April 2009, and at no point did he ever provide his current cellular phone number to T-Mobile, or to any of T-Mobile's affiliates, or to RPM.

19.     On October 8, 2011, at 4:48 pm, RPM called Mr. Bauer's current cellular phone number via automated dialing equipment, and broadcasted a recorded message asking for a return call.

20.     Mr. Bauer conjectures that RPM must have obtained his current cellular phone number from a third-party skip tracing service.

21.     The number which appeared on Mr. Bauer's caller ID was (804) 952-9950.

22.     On October 8, 2011, Mr. Bauer returned RPM's call as requested and advised the RPM employee answering his call the he did not wish to be called or otherwise contacted again by RPM.

23.     The RPM employee advised Mr. Bauer that a debt alleged to be $253 originating from July 2003 had been placed with RPM, and that RPM would report the delinquency to the consumer credit bureaus in 12 days if the amount was not paid within that time.

24.     On October 10, 2011, at 6:10pm, RPM placed another call to Mr. Bauer's cellular phone number via automated dialing equipment, and broadcast another recorded message, again

3

asking for a return call.

25.     The number which appeared on Mr. Bauer's caller ID on October 10, 2011 was (314) 627-5652.

26.     On October 11, 2011, at 9:43 A.M., RPM placed another call to Mr. Bauer's cellular phone number via automated dialing equipment, and broadcast another recorded message asking for a return call.

27.     On October 11, 2011, approximately 3:00 P.M., RPM placed another call to Mr. Bauer's cellular phone number via automated dialing equipment.

28.     This time, a RPM collections representative came on the line and asked for payment of $253.

29.     The representative then went on to state as follows:  "I have a note here that in 18 days, they're going to report it to the credit bureaus for non-payment if there hasn't been some proper resolution on this account."

30.     The transcript of this telephone discussion is attached hereto and incorporated herein by reference as Exhibit "A."

31.     On October 12, 2011, at 8:43 A.M., RPM placed another call to Mr. Bauer's cellular phone number via automated dialing equipment and broadcast a recorded message asking for a return call.

32.     The number which appeared on Mr. Bauer's caller ID on October 12, 2011 was (804) 952-9950.

33.     On October 12, 2011, at 12:39 P.M., RPM placed another call to Mr. Bauer's cellular phone number via automated dialing equipment and broadcast a recorded message, asking for a

4

return call.

34.     The number which appeared on Mr. Bauer's caller ID was (757) 990-8904.

35.     On October 12, 2011, at 2:02 P.M., RPM placed a third call in the same day to Mr.

Mr. Bauer's cellular phone number via automated dialing equipment.

36.     This time, a RPM collections representative came on the line and asked for payment

of $253.

37.     When Mr. Bauer complained about the calls, the RPM representative stated that the

calls were generated by an automated dialing mechanism.

38.     The RPM representative again verified that the alleged debt dated back to 2003, and

then proceeded to state that a negative credit report would be made to the consumer credit bureaus

unless the amount was paid within 18 days.

39.     Mr. Bauer again demanded that the calls cease.

40.     The RPM representative, apparently thinking Mr. Bauer had hung up the phone,

stated quietly, "Oh, that ain't gonna happen," and then terminated the call.

41.     On October 17, 2011, Mr. Bauer received a letter from RPM stating that the alleged

date of delinquency was July 26, 2003.

42.     A true and correct copy of RPM's letter to Mr. Bauer, cut in half to accommodate the

Court file, is attached hereto and incorporated herein by reference as Exhibit "B."

43.     Mr. Bauer has retained the undersigned attorney to represent him in this action and

is obligated to pay him a reasonable fee for his services.

## COUNT I
### (*Violations Of The FDCPA*)

44.     Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

45.     FDCPA § 807(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect a debt.

46.     The Fair Credit Reporting Act, 15 U.S.C. § 1681, prohibits reporting of negative credit information more than seven years and six months from the date of original delinquency.

47.     RPM represented to Mr. Bauer that the failure to pay the alleged debt would result in damage to Mr. Bauer's credit rating.

48.     On the date that RPM made this representation Mr. Bauer, the alleged debt was more than eight years old.

49.     RPM's representation was a violation of FDCPA § 807(10).

50.     FDCPA § 806(5) prohibits a debt collector from telephoning a consumer with such frequency as to annoy or harass the consumer.

51.     On October 12, 2011, RPM called (and made contact with) Mr. Bauer a total of three (3) times, despite the fact that Mr. Bauer had previously demanded that all such calls stop.

52.     RPM's frequent and persistent contact with Mr. Bauer after Mr. Bauer requested that RPM stop calling him violates FDCPA § 806(10).

**WHEREFORE,** Mr. Bauer demands judgment against RPM for:

a.      Statutory damages of $1,000.00 pursuant to the FDCPA; and,

b.      Unspecified actual damages; and,

6

   c.      Reasonable attorneys' fees pursuant to the FDCPA; and,

   d.      Costs pursuant to the FDCPA; and,

   e.      Equitable relief enjoining RPM from further violations of the FDCPA; and,

   f.      Such other relief that this Court deems just and proper.

## COUNT II
### (*Violation of the FCCPA on October 8, 2011*)

53.    Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

54.    FCCPA § 559.72(9) prohibits any person from asserting a legal right when such person knows that right does not exist.

55.    The Fair Credit Reporting Act, 15 U.S.C. § 1681, prohibits reporting of negative credit information more than seven years and six months from the date of original delinquency.

56.    RPM was in possession of reasonable knowledge that the debt alleged was more than eight (8) years old because its letter of October 11, 2011 stated the date of delinquency to be July 26, 2003 (*see* **Exhibit B**).

57.    Furthermore, RPM's collection representative verbally stated that the debt was from 2003.

58.    On October 8, 2011, RPM, in its telephone call to Mr. Bauer, asserted that non-payment of the alleged debt of $253 would result in a negative credit entry on Mr. Bauer's credit reports, when it knew, or reasonably should have known, that it had no legal authority or ability to do so.

**WHEREFORE,** Mr. Bauer demands judgment against RPM for:

a.      Statutory damages of $1,000.00 pursuant to the FCCPA; and,

b.      Unspecified actual damages; and,

c.      Reasonable attorneys' fees pursuant to the FCCPA; and,

d.      Costs pursuant to the FCCPA; and,

e.      Equitable relief enjoining RPM from further violations of the FCCPA; and,

f.      Such other relief that this Court deems just and proper.

## COUNT III
### (*Violation of the FCCPA on October 11, 2011*)

59.      Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

60.      FCCPA § 559.72(9) prohibits any person from asserting a legal right when such person knows that right does not exist.

61.      The Fair Credit Reporting Act, 15 U.S.C. § 1681, prohibits reporting of negative credit information more than seven years and six months from the date of original delinquency.

62.      RPM was in possession of reasonable knowledge that the debt alleged was more than eight (8) years old because its letter of October 11, 2011 stated the date of delinquency to be July 26, 2003 (*see* **Exhibit B**).

63.      Furthermore, RPM's collection representatives *twice* verbally stated the debt was from 2003.

64.      On October 11, 2011, RPM, in its telephone call to Mr. Bauer, asserted that non-

8

payment of the alleged debt of $253 would result in a negative credit entry on Mr. Bauer's credit reports, when it knew, or reasonably should have known, that it had no legal authority or ability to do so.

**WHEREFORE,** Mr. Bauer demands judgment against RPM for:

a.     Statutory damages of $1,000.00 pursuant to the FCCPA; and,

b.     Unspecified actual damages; and,

c.     Reasonable attorneys' fees pursuant to the FCCPA; and,

d.     Costs pursuant to the FCCPA; and,

e.     Equitable relief enjoining RPM from further violations of the FCCPA; and,

f.     Such other relief that this Court deems just and proper.

## COUNT IV
### (*Violation of the FCCPA on October 12, 2011*)

65.     Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

66.     FCCPA § 559.72(9) prohibits any person from asserting a legal right when such person knows that right does not exist.

67.     The Fair Credit Reporting Act, 15 U.S.C. § 1681, prohibits reporting of negative credit information more than seven years and six months from the date of original delinquency.

68.     RPM was in possession of reasonable knowledge that the debt alleged was more than eight (8) years old because its letter of October 11, 2011 stated the date of delinquency to be July 26, 2003 (*see* Exhibit B).

69.    Furthermore, RPM's collection representative verbally stated that the debt was from 2003.

70.    On October 12, 2011, RPM, in its telephone call to Mr. Bauer, asserted that non-payment of the alleged debt of $253 would result in a negative credit entry on Mr. Bauer's credit reports, when it knew, or reasonably should have known, that it had no legal authority or ability to do so.

**WHEREFORE,** Mr. Bauer demands judgment against RPM for:

a.    Statutory damages of $1,000.00 pursuant to the FCCPA; and,

b.    Unspecified actual damages; and,

c.    Reasonable attorneys' fees pursuant to the FCCPA; and,

d.    Costs pursuant to the FCCPA; and,

e.    Equitable relief enjoining RPM from further violations of the FCCPA; and,

f.    Such other relief that this Court deems just and proper.

## COUNT V
### (*Violations of the TCPA*)

71.    Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

72.    The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part as follows:

> (b)(1)  It shall be unlawful for any person --- (A) to make any call...using any automatic telephone dialing system or an artificial or prerecorded voice --- (iii) to any telephone number assigned to a......cellular telephone service....

73. The TCPA at 47 U.S.C. § 227(b)(3) provides for a private right of action by any person aggrieved by any violation or violations of the TCPA for equitable relief and/or "for actual monetary loss from such a violation or . . . $500 in damages for each such violation, whichever is greater."

74. The TCPA also states in this Section that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" otherwise available under this subsection.

75. Each of the six (6) automated telephone calls made by RPM to Mr. Bauer's cellular telephone was a violation of the TCPA.

76. The violations were committed willfully or knowingly within the meaning of the TCPA at 47 U.S.C. § 227(b).

77. Accordingly, Mr. Bauer is entitled to treble damages for each of RPM's three (3) violations, or $1,500.00 for each such violation.

**WHEREFORE**, Mr. Bauer demands judgment against RPM for:

a. Statutory treble damages of $9,000.00 pursuant to the TCPA; and,

b. Unspecified actual damages; and,

c. Reasonable attorneys' fees pursuant to the TCPA; and,

d. Costs pursuant to the TCPA; and,

e. Equitable relief enjoining RPM from further violations of the TCPA; and,

f. Such other relief that this Court deems just and proper.

## COUNT VI
### *(Violation of the FDUTPA:   Deceptive & Unfair Trade Practices)*

78.     Mr. Bauer realleges and incorporates paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

79.     At all relevant times, the RPM was engaged in trade or commerce in Florida as defined in §501.203 Florida Statutes.

80.     At all relevant times, Mr. Bauer was a consumer as defined by §501.203 Florida Statutes.

81.     RPM's practices, as described in detail in the foregoing paragraphs, are unconscionable, unfair and deceptive.

82.     As a result of RPM's unconscionable, unfair and deceptive practices, Mr. Bauer was damaged.

**WHEREFORE,** pursuant to Florida Statute §501 *et. seq.* and all relevant case law, including but not limited to *PNR, Inc. v. Beacon Property Management, Inc., et. al.,* 842 So.2d 773 (Fla. 2003), Mr. Bauer demands:

a)      A declaratory judgment that RPM violated the FDUTPA;

b)      An injunction enjoining RPM from future violations of the FDUTPA pursuant to §501.211(1) Florida Statutes;

c)      Actual damages for violation of the FDUTPA pursuant to §501.211(2) Florida Statutes;

d)      Monetary damages;

e)      An award of attorneys' fees and costs pursuant to §§ 501.211(2) and 501.2105,

Florida Statutes;

f)      Civil penalties of up to $10,000.00 per violation; and

g)      Such other relief that this Court deems just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Mr. Mr. Bauer hereby demands a trial by jury on all issues so triable.

**STATE OF FLORIDA                   )**
**COUNTY OF HILLSBOROUGH )**

**UNDER PENALTY OF PERJURY,** I declare that I have read the foregoing Verified Complaint, and the facts alleged therein are true and correct to the best of my knowledge and belief.

DAVID ████ Bauer

**SWORN TO AND SUBSCRIBED** before me on this ___9 Th___ day of January, 2012, by DAVID Mr. Bauer, who ☐ is personally known to me, or who ☑ has produced his Florida Drivers License # _B600 - 171 - 73 - 001 - 0_____ as identification, and who did take an oath, and attested that all of the facts and allegations contained in the foregoing Verified Complaint are true and correct.

Notary Public

RANDY S. STOLBERG
Notary Public - State of Florida
My Comm. Expires Mar 28, 2012
Commission # DD 780997
Bonded Through National Notary Assn.

13

Respectfully submitted this __10th__ day of January, 2012, by:

Eugene P. Castagliuolo, Esquire
Florida Bar Number: 104360
**CASTAGLIUOLO LAW GROUP, P. A.**
Wells Fargo Building, 3rd Floor
801 West Bay Drive
Largo, FL   33770
(727) 712-3333
AttorneyEPC@yahoo.com
*Attorney for Plaintiff DAVID BAUER*

14